UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

LAWRENCE RIDER,

    Defendant (D-1).

_____/

Case No. 19-cr-20831

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [#30]**

**I. INTRODUCTION**

Presently before the Court is Defendant Lawrence Rider-El's *pro se* Motion for Summary Judgment.[1] *See* ECF No. 30-1, PageID.121. While titled as a Motion for Summary Judgment, the Court construes Defendant's Motion as a request to dismiss the indictment for lack of jurisdiction. On August 31, 2020, Defendant's Counsel filed a Motion for Permission to Have Defendant Argue Motion for Summary Judgment. *See* ECF No. 30. In the Motion, Defense Counsel states that "concurrence for the filing of this motion was not denied, but concurrence was denied with the requested relief in the attached substantive motion on the

---

[1] Defendant Rider asserts that his surname is Rider-El. The Court will address him as Mr. Rider-El, but that is no indication or legal conclusion that he is not the person Lawrence Rider under indictment.

1

Defendant's behalf." *Id.* at PageID.119. The Government filed its Response on September 11, 2020. *See* ECF No. 32. The Court held a hearing on this matter on October 20, 2020. For the reasons that follow, the Court will **DENY** Defendant's *pro se* Motion for Summary Judgment [#30].

## II. FACTUAL BACKGROUND

On December 17, 2019, Defendant Rider-El was charged in an indictment with one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, one count of wire fraud under 18 U.S.C. § 1343, and one count of conspiracy to use fire to commit a felony under 18 U.S.C. § 844(m). *See* ECF No. 1. The indictment alleges that Defendant worked with others in an "arson-for-profit" scheme that would "trick the insurance company into paying a false claim for fire damage to a house the company insured." *Id.* at PageID.4. Defendant has been represented by appointed counsel John W. Brusstar as of January 10, 2020. *See* ECF No. 6.

## III. DISCUSSION

The Court will first address the Defendant's attempt to file his *pro se* Motion while represented by court-appointed counsel. The Court will then discuss the underlying merits of Defendant's arguments.

### A. Defendant Filed His *pro se* Motion While Represented by Counsel

Defendant's *pro se* Motion for Summary Judgment was attached as an exhibit

2

to Defense Counsel's Motion for Permission to Have Defendant Argue Motion for Summary Judgment. ECF No. 30. The Government filed a Response on September 11, 2020 opposing Defendant's Motion on both procedural and substantive grounds. ECF No. 32. Defendant did not file a Reply.

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in his proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987); *United States v. Curry*, No. 13-20887, 2015 WL 4425926, at *2–3 (E.D. Mich. July 17, 2015). "A court's discretion to reject hybrid representation may apply to the filing of motions." *Curry*, 2015 WL 4425926, at *2 (citing *United States v. Agofsky*, 20 F.3d 866, 872 (8th Cir. 1994)).

The Sixth Circuit has explained:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

*United States v. Mosely*, 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)). Courts within the Eastern District of

Michigan have applied this analysis to a defendant's filing of *pro se* motions. *See, e.g.*, *Curry*, 2015 WL 4425926, at *2; *United States v. Darwich*, No. 09-cr-20280, 2010 WL 4822891 (E.D. Mich. Nov. 22, 2010); *United States v. Degroat*, No. 97-cr-20004-dt-1, 2009 WL 891699 (E.D. Mich. Mar. 31, 2009).

Here, the Court will decline to apply the Sixth Circuit's analysis in *Mosley* to Defendant's instant *pro se* Motion. Upon review of Defense Counsel's Motion, it appears that Defendant seeks permission to independently argue his dismissal motion. ECF No. 30, PageID.118. On January 9, 2020, Defendant filed an "Annex" that is supposedly related to the Defendant's underlying *pro se* Motion. *See* ECF No. 2. The following day, Magistrate Judge Steven Whalen entered an Order Appointing a Federal Community Defender. ECF No. 4. The Court notes that Defense Counsel filed his Notice of Attorney Appearance on January 14, 2020. ECF No. 10. However, Defendant filed his first Annex—which appears to be a handwritten version of his re-filed Motion for Summary Judgment—on January 10, 2020. ECF Nos. 2, 30. Therefore, the Court lacks definitive knowledge that Defendant was represented by Defense Counsel on the date he sought to make the instant arguments. Additionally, Defense Counsel is aware of Defendant's request and seeks this Court's permission to allow Defendant to argue his own *pro se* Motion. Under these circumstances, the Court will accept Defendant's hybrid representation for the limited purpose of adjudicating the instant motion.

Therefore, the Court will address the merits of Defendant's *pro se* Motion. While titled as a Motion for Summary Judgment, the Court construes Defendant's Motion as a request to dismiss the indictment for lack of jurisdiction. Defendant Rider-El argues that individuals who identify as a Moorish-American are exempt from criminal prosecution because they are not subject to the jurisdiction of the federal government. The Government correctly notes that Defendant fails to identify himself as a Moor in the instant *pro se* Motion; Defendant does, however, make this assertion in his January 9, 2020 Annex, and has repeated his citizenship claim in prior hearings before this Court. *See* ECF Nos. 2, 32. The Court will assume that Defendant presently identifies as Moorish-American.

In his Motion, Defendant cites to the Moroccan-American Treaty of Peace and Friendship of 1787 and argues that the Supremacy Clause of the United States Constitution should be interpreted to signify that this Court does not have jurisdiction over Defendant. ECF No. 30-1, PageID.122. Arguments similar to those presently asserted by Defendant have been repeatedly reviewed and rejected by courts as lacking merit or basis in law. *See, e.g., United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (labeling these legal arguments as "meritless rhetoric.").

In Defendant Rider-El's original Annex, he states at numerous points that he is a citizen of the United States. *See* ECF No. 2, PageID.12. As such, "[a]ll citizens

5

of the United States are subject to American laws." *Ward-El v. Barrett*, No. 12-14282, 2012 WL 5929928, at *4 (E.D. Mich. Nov. 27, 2012) (citing *United States v. James*, 328 F.3d 953, 954 (7th Cir. 2003)). Further, even if Defendant Rider-El did not identify as a United States citizen, he still "has a duty to conform to the laws of the United States while residing here." *Id.* (quoting *Osiris v. Brown,* No. 05–3300, 2006 WL 208566, *1 (D.N.J. Jan. 24, 2006)); *see also Allah El v. Dist. Attorney for Bronx Cnty.,* No. 09–8746, 2009 WL 3756331, at *1 (S.D.N.Y. Nov.4, 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence"). The instant matter does not present facts that indicate divergence from this well-established precedent is warranted. Accordingly, this Court will not dismiss the three counts in Defendant Rider-El's Indictment.

## IV. CONCLUSION

For the reasons discussed herein, the Court will **DENY** Defendant's *pro se* Motion for Summary Judgment [#30].

**IT IS SO ORDERED.**

                                              s/Gershwin A. Drain_____
                                              GERSHWIN A. DRAIN
                                              UNITED STATES DISTRICT JUDGE

Dated: October 21, 2020

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 21, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager