UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE RIDER,

    Defendant (D-1).
_____/

Case No. 19-cr-20831

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [#51]**

Presently before the Court is Defendant Lawrence Rider-El's *pro se* Motion in Opposition to this Court's October 22, 2020 Amended Opinion and Order Denying Defendant's Motion for Summary Judgment.[1] *See* ECF Nos. 39, 51. In its Order, the Court considered Defendant's arguments regarding his identification as a Moorish-American and reliance on the Moroccan-American Treaty of Peace and Friendship of 1787. *See* ECF No. 39, PageID.171. Looking to well-established precedent, this Court found that Defendant's jurisdictional assertions lacked merit or basis in law and denied his motion to dismiss the indictment. *Id.* In his instant Motion, Defendant seeks reconsideration of this Court's decision and requests the

---

[1] The Court construes Defendant's instant Motion as a Motion for Reconsideration under Local Rule 7.1(h)(3).

1

dismissal of his indictment "for lack of jurisdiction in respects to the proper change of venue to the Supreme Court." ECF No. 51, PageID.229.

Local Rule 7.1(h)(3) of the Local Rules of the United States District Court for the Eastern District of Michigan provides:

> Generally, and without restricting the Court's discretion, the Court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Upon review of Defendant's Motion, the Court identifies no palpable defects warranting modification of this Court's prior Order. Defendant fails to raise any arguments not already considered by the Court in October 2020. Courts in this District have emphasized that parties may not use reconsideration motions "to re-

2

hash old arguments or to relitigate their cases." *Rodriques v. Delta Air Lines, Inc.*, No. 14-CV-12707, 2015 WL 10635525, at *2 (E.D. Mich. May 18, 2015), *aff'd sub nom. Rodriques v. Delta Airlines, Inc.*, 644 F. App'x 629 (6th Cir. 2016). The Court thus declines to dismiss Defendant's indictment on jurisdictional or any other grounds at this time.

Accordingly, Defendant's Motion for Reconsideration [#51] is **DENIED**.

**IT IS SO ORDERED.**

                                                 s/Gershwin A. Drain
                                                 GERSHWIN A. DRAIN
                                                 UNITED STATES DISTRICT JUDGE

Dated: May 25, 2021

## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 25, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager