s/UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE RIDER-EL,

    Defendant (D-1).
_____/

Case No. 19-cr-20831

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**AMENDED OPINION AND ORDER DENYING DEFENDANT'S MOTIONS CHALLENGING JURISDICTION [#82, 86]**

Presently before the Court is Defendant Lawrence Rider-El's *pro se* Motion Challenging Jurisdiction, filed on June 22, 2021.[1] ECF No. 82. Defendant is currently represented by defense counsel, Jeffrey L. Edison, as of January 21, 2021. ECF No. 54. Upon review of Defendant's submission, the Court concludes that oral argument will not aid in the disposition of this matter. Therefore, the Court will resolve the instant motions on the briefs. *See* E.D. Mich. L.R. § 7.1(f)(2).

It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to

---

[1] The Court amends its Opinion and Order to include denial of Defendant's additional Motion Challenging Jurisdiction. ECF No. 86. Upon review of the docket, the Court notes that the same motion was filed on the docket twice after receiving it both electronically and via traditional mail. Thus, for the reasons stated in this Opinion and Order, this Motion [#86] will denied as well.

have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in his proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987); *United States v. Curry*, No. 13-20887, 2015 WL 4425926, at *2–3 (E.D. Mich. July 17, 2015).

Here, Defendant may not represent himself while he is represented by Mr. Edison, his defense counsel. The right to defend *pro se* and the right to counsel are "'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." *United States v. Mosley*, 810 F. 2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F. 2d 904, 908 (6th Cir. 1970)). Thus, Defendant Rider-El may not invoke his right to the assistance of counsel while simultaneously invoking his right to defend himself.

Even if the Court were to proceed to the merits of Defendant's Motion, Defendant has not shown that this Court does not have jurisdiction over this matter. Rider-El argues the Government fails to plead sufficient facts proving that he committed mail fraud, wire fraud, and conspiracy to use fire to commit a felony. ECF No. 82, PageID.339; ECF No. 1, PageID.6-7. However, Defendant's argument is procedurally inappropriate and must be denied. In criminal matters like the instant case, "questions of fact are reserved for the jury, [and thus] numerous courts have held that a criminal defendant cannot challenge the sufficiency of the government's

evidence before trial in a criminal case by bringing a motion for summary judgment" or similar motions. *United States v. Cook*, No. 3:18-CR-19-PLR-DCP, 2019 WL 3386275, at *6 (E.D. Tenn. May 31, 2019), *report and recommendation adopted*, No. 3:18-CR-00019, 2019 WL 2721305 (E.D. Tenn. June 28, 2019) (collecting cases).

Accordingly, Defendant's Motions Challenging Jurisdiction [#82, 86] are **DENIED**.

    **IT IS SO ORDERED.**

                          s/Gershwin A. Drain
                          GERSHWIN A. DRAIN
                          UNITED STATES DISTRICT JUDGE

Dated: August 23, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
August 23, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager