UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

  v.

LAWRENCE D. RIDER-EL,

  Defendant.

_____/

Case No. 19-cv-20831

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW [#87] AND DENYING DEFENDANT'S MOTION CONCERNING LACK OF JURISDICTION [#88]**

### I. INTRODUCTION

Before the Court is defense counsel's Motion to Withdraw and Defendant's Motion Concerning Lack of Jurisdiction. *See* ECF No. 87, PageID.359; ECF No. 88, PageID.364. Based on the analysis and facts below, the Court will GRANT defense counsel's motion, but denying the Defendant's.

### II. FACTUAL BACKGROUND

On December 17, 2019, Defendant was charged in an indictment with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, wire fraud in violation of 18 U.S.C. § 1343, and conspiracy to use fire to commit a felony. ECF No. 1. The Government alleges that Defendant worked with others in an "arson-for-

1

profit" scheme to "trick the insurance company into paying a false claim for fire damage to a house the company insured." *Id*. at PageID.4. The Court first appointed John W. Brusstar to represent Defendant in these proceedings. ECR No. 6. On December 21, 2020, the Court granted Mr. Brusstar's Motion to Withdraw following a breakdown in the attorney client relationship. ECF No. 47, PageID.208. Subsequently, Defendant retained Jeffrey L. Edison to continue his representation in these proceedings. Now, Mr. Edison also seeks withdrawal from representing Defendant.

### III. LEGAL STANDARD

The Court's local rules permit defendants' counsel to withdraw from representation by written motion served upon the defendant and all other parties. E.D. Mich. R. 57.1(b). If counsel's withdrawal would unduly delay trial of the case, unfairly prejudice any party, or otherwise not be in the interest of justice, then the Court may deny counsel's withdrawal request. *Id*.

### III. DISCUSSION

The Court will address Mr. Edison's Motion to Withdraw first. Then the Court will discuss Defendant's Motion Concerning Lack of Jurisdiction.

### A. Withdrawal of Counsel is Warranted.

The Motion to Withdraw is based on two submissions. *See* ECF No. 87, PageID.360. First, Mr. Edison states that in the Defendant's Notice of Appeal filed in July, Defendant included a signed request to remove Mr. Edison as his attorney. *Id*. Second, Mr. Edison states that Defendant left him voicemails requesting he immediately withdraw from representing Defendant. *Id*. After returning Defendant's call, Mr. Edison states that the attorney client relationship "ha[d] been irreparably broken." *Id*. at PageID.361.

Based on defense counsel's submissions, a breakdown has occurred in the attorney client relationship. That breakdown renders defense counsel unable to effectively represent Defendant. The interests of justice will be served by allowing counsel to withdraw at this time because his withdrawal will not cause undue delay with these proceedings nor unfairly prejudice any party.

### B. Defendant's Motion is Procedurally Improper and Lacks Merit.

Additionally, Defendant's Motion Concerning Lack of Jurisdiction is denied. Defendant's argument largely mirrors his former arguments that this Court rejected. *See, e.g.*, ECF No. 39, PageID.169–172; ECF No. 78, PageID.329; ECF No. 89, PageID.368. Denial is based on procedural and substantive grounds.

First, the Motion is procedurally improper. Criminal defendants cannot represent themselves while retaining counsel. *United States v. Mosley*, 810 F. 2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F. 2d 904, 908 (6th Cir. 1970)). Here, Defendant filed the Motion *pro se* while Mr. Edison represented him. As such, the Motion is improper. Second, Defendant's jurisdictional challenge lacks merit or basis in law, for reasons this Court has previously explained. ECF No. 39, PageID.169–172; ECF No. 78, PageID.329; ECF No. 89, PageID.368. Defendant, again, fails to plead sufficient facts challenging the Court's jurisdiction over this matter. Thus, even if procedurally proper, Defendant's Motion would be denied.

### IV. CONCLUSION

For the reasons discussed herein, the Court will GRANT Mr. Edison's Motion to Withdraw and DENY Defendant's Motion Concerning Lack of Jurisdiction. Defendant will proceed *pro se* in this matter. Should Defendant motion the Court for standby counsel, then the Court will appoint counsel to aid Defendant in his self-representation.

**IT IS SO ORDERED.**

    /s/ Gershwin A. Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated:  September 10, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 10, 2021, by electronic and/or ordinary mail.
<u>/s/ Teresa McGovern</u>
Case Manager