UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LAWRENCE RIDER,

    Defendant (D-1).

_____/

Case No. 19-cr-20831

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**<u>OPINION AND ORDER FINDING DEFENDANT IN CRIMINAL CONTEMPT AND IMPOSING FIFTEEN DAY CUSTODIAL SENTENCE</u>**

## I. INTRODUCTION

On December 17, 2019, Defendant Lawrence Rider-El was charged in an indictment with one count of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349, one count of wire fraud under 18 U.S.C. § 1343, and one count of conspiracy to use fire to commit a felony under 18 U.S.C. § 844(m). ECF No. 1. The indictment alleges that Defendant worked with others in an "arson-for-profit" scheme that would "trick the insurance company into paying a false claim for fire damage to a house the company insured." *Id*.

## II. PROCEDURAL BACKGROUND

Throughout these proceedings spanning nearly two years, Defendant has argued the Court lacks subject matter jurisdiction over him because he is a

Moorish-American citizen. He relies on the Moroccan-American Treaty of Peace and Friendship of 1787. Defendant previously presented this argument to the Court; and the Court reviewed and rejected it as lacking merit and basis in law.[1] *See, e.g., United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017) (labeling such arguments "meritless rhetoric"). *See* ECF No. 39.

Defendant is indigent and the Court initially appointed John W. Brusstar to represent him. Since the Court's rejection of Defendant's meritless lack of subject matter jurisdiction argument on October 22, 2020, two attorneys have been appointed by the Court to represent the Defendant only to quickly move to withdraw thereafter citing a breakdown in the attorney client relationship. *See* ECF Nos. 44, 47, 55, and 87. Defendant retained his third counsel. While Defendant was represented by all three counsel, he filed three separate motions *pro se* raising the identical jurisdictional challenge already rejected by this Court. *See* ECF Nos. 78, 89, and 93. On September 10, 2021, when the Court granted Defendant's latest attorney's request to withdraw as a result of an irreparable breakdown in the relationship, the Court informed the Defendant that it would appoint standby counsel should Defendant seek assistance with his self-representation.

---

[1] Even though Defendant was represented by counsel at the time, the Court permitted Defendant to raise his argument *pro se*.

On October 20, 2021, a status conference was held to discuss the status of discovery. Defendant's associate attended the conference and sat at counsel table with Defendant. However, the Court declined to allow Defendant's associate to represent Defendant in these proceedings as requested because Defendant's associate is not a licensed attorney. *See, e.g.*, *United States v. Petersen*, 550 F.2d 379, 380-81 (7th Cir. 1977) (noting the Sixth Amendment guarantees a defendant the right to represent himself when he voluntarily and intelligently elects to do so, however, the right does not provide the defendant "freedom of choice to select a nonlicensed person as his counsel."); *see also* E.D. Mich. L.R. 83.20(i) ("A person knowingly" engaging in the unauthorized practice of law in this Court "may, on notice and after hearing, be found guilty of criminal contempt."); E.D. Mich. L.R. 1.1 (The "scope" of these local rules "apply in civil and criminal actions.").

At the October 20, 2021 status conference, the Court also advised the parties that the Court would appoint standby counsel so that Defendant could have assistance while reviewing the discovery materials.[2] Defendant's oral objection to

---

[2] Defendant is an individual with visual impairments that necessitate he rely on the assistance of electronic devices and other aids to review the Government's discovery materials. The Government has offered to allow Defendant to review the materials at its office in light of the protective order in this matter and concerns for witness safety. As such, the Court's appointment of standby counsel is to facilitate the discovery stage of this action while avoiding the need for Defendant to review the discovery in the Government's office. Standby counsel shall retain possession of the discovery after Defendant has had an opportunity to review it at a location with suitable assistive devices.

the appointment of standby counsel was overruled by the Court. Rather than discuss the logistics concerning review of the discovery, Defendant again sought to raise the identical jurisdictional challenge already reviewed and rejected by the Court. The Court warned Defendant that further motion practice or argument relating to the meritless jurisdictional challenge would not be tolerated as it has been preserved for appellate review and should be raised before the Sixth Circuit Court of Appeals.

The Court set another status conference for November 30, 2021. At the conference, Defendant refused to answer the questions posed to him. Rather, Defendant continued to engage in the same misbehavior, namely, by ignoring the Court's questions and continuously reasserting his meritless jurisdictional challenge. The Court thereafter provided notice to the Defendant of the Court's authority to punish him with contempt by fines or imprisonment via summary disposition proceedings should Defendant engage in "misbehavior in the Court's presence that obstructs the administration of justice." 18 U.S.C. § 401(1). The Court warned Defendant that if he raised the jurisdictional challenge again, he would be found in criminal contempt. Instead of heeding this warning, Defendant continued to argue the Court has no jurisdiction over him.

For the reasons that follow, the Court finds Defendant in criminal contempt and imposes a fifteen day custodial sentence. *See* 18 U.S.C. § 401(1).

### III. LAW & ANALYSIS

#### A. Criminal Contempt Power

"The power to punish contempt is 'inherent in all courts,' allowing them to protect themselves against assaults on their authority." *United States v. Arredondo*, 349 F.3d 310, 316 (6th Cir. 2003) (quoting *Young v. United States ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 795 (1987)). A federal court has the discretionary power to "punish by fine or imprisonment, or both, … such contempt of its authority" caused by a defendant's "[m]isbehavior . . . in [the Court's] presence or so near thereto as to obstruct the administration of justice[,]" or due to the defendant's "[d]isobedience or resistance to [the Court's] lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(1); (3).

Criminal contempt sanctions require "constitutional protections . . . just as they do in other criminal prosecutions." *Arredondo*, 349 F.3d at 316 (criminal contempt power is constrained by constitutional and statutory limitations); *United States v. Koubritti*, 305 F. Supp.2d 273 (E.D. Mich. Dec. 16, 2003) (noting the Supreme Court's conclusion that "serious" criminal contempt charges, "involving imprisonment of more than six months[,]" require the constitutional protection of a jury trial). While the criminal contempt statute "carries upon its face the purpose to

5

leave the courts ample power to protect the administration of justice against immediate interruption of its business[,]" Congress intended the courts to be "limited, in contempt cases, to 'the least possible power adequate to the end proposed.'" *Vaughn v. Flint*, 752 F.2d 1160, 1166 (6th Cir. 1984) (quoting *In re Michael*, 326 U.S. 224, 227 (1945)).

### B. Analysis

Federal Rule of Criminal Procedure 42 governs criminal contempt procedures. *See* Fed. R. Civ. P. 42. A district court "may summarily punish a person who commits criminal contempt in its presence if the judge saw or heard the contemptuous conduct and so certifies[.]" Fed. R. Crim. P. 42(b); *Arredondo*, 349 F.3d at 316 (recognizing "[t]he narrow category of contempts [sic] committed 'in the actual presence of the court' may be punished immediately by the judge who saw or heard the offending conduct.") (quoting Fed. R. Crim. P. 42(b)); *see also United States v. Delahanty*, 488 F.2d 396 (6th Cir. 1983) (Rule 42(a) summary disposition unavailable when attorney failed to timely appear for trial because attorney's absence did not occur "in presence" of the district court).

"The contempt order must recite the facts, be signed by the judge, and be filed with the clerk." *Id*. "This summary power is reserved for 'exceptional circumstances . . . such as acts threatening the judge or disrupting a hearing or obstructing court proceedings.'" *Id*. (quoting *Vaughn*, 752 F.2d at 1167); *see also*

6

*Pounders v. Watson*, 521 U.S. 982, 988 (1997)("We have held the summary contempt exception to the normal due process requirements, such as hearing, counsel, and the opportunity to call witnesses, 'includes only charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent 'demoralization of the court's authority' before the public.")(quoting *In re Oliver*, 333 U.S. 257, 275 (1948)).

In order to support a conviction under § 401(1), the following must be present, "(1) [t]here must be conduct which constitutes misbehavior; (2) the misbehavior must amount to an obstruction of the administration of justice; (3) the conduct must occur in the court's presence; and (4) there must be some form of intent to obstruct." *Vaughn v. Flint*, 752 F.2d 1160, 1167 (6th Cir. 1984).

As to the first element, contemptuous conduct amounting to misbehavior has been found during a defendant's revocation of supervised release hearing when the defendant yelled, "[f]uck y'all[,]" at the conclusion of sentencing. *In re Sealed Case,* 627 F.3d 1235, 1236 (D.C.Cir. 2010) (affirming criminal contempt conviction but reducing sentence to six months, or maximum sentence available for a contempt conviction without a jury trial). Additionally, persistence in continuing to present arguments in motion practice and during trial after express

7

orders by the trial judge to cease may be grounds for contempt citation. *See In re Dellinger*, 461 F.2d 389 (7th Cir. 1972) (recognizing an attorney's right to zealous advocacy does not extend to "resisting" a court's rulings on motions; nor does it give license to insult the judge). In *Dellinger*, the defendants' attorneys continuously pressed their positions despite the trial court's direction to desist. *Id*. at 391. The Seventh Circuit Court of Appeals concluded such insistence in the face of the court's instruction, when the litigants had already preserved their argument for appeal, could amount to misbehavior under § 401(1). *Id*.

The second element under § 401(1) requires "an actual," as opposed to "theoretical" obstruction of the administration of justice. *Id.* at 1168. "It is not necessary in order to constitute an obstruction that the acts have an 'element of violence, physical force, or vituperation.'" *Id*. (quoting *In re Chaplain*, 621 F.2d 1272, 1277 (4th Cir. en banc), *cert. denied*, 449 U.S. 834 (1980)); *see Vaughn*, 752 F.2d at 1168 (concluding the second prong was satisfied by the defendant's attempt to represent the plaintiffs without a law license in contravention of Michigan law and local court rule); *see also In re Sealed Case,* 627 F.3d 1235, 1236 (D.C.Cir. 2010) (rejecting defendant's contention that he did not obstruct the sentencing because "the proceedings were concluded and no other business was being conducted[,]" when the defendant blurted foul language upon learning of the court's sentence because "[s]uch conduct is inherently disruptive.").

The third element requires that the misbehavior occur in the Court's presence. The Sixth Circuit Court of Appeals has construed this element narrowly, concluding an attorney's tardiness during trial proceedings did not occur in the Court's "presence." *See United States v. Delahanty*, 488 F.2d 396 (6th Cir. 1983) (Rule 42(a) summary disposition unavailable when attorney failed to timely appear for trial because attorney's absence did not occur "in presence" of the district court).

As to the final or intent element, the Sixth Circuit has explained, it must be proven beyond a reasonable doubt that the defendant "acted with a willfulness that implies a deliberate or intended violation, as distinguished from an accidental, inadvertent or negligent violation." *Id*. (internal quotation marks and citation omitted). "Whenever counsel or a defendant on trial . . . oversteps the bounds of propriety and refuses to heed the admonitions of the court to obey in the presence of the court a lawful order of the court, he commits an act of contempt." *Jones v. United States*, 151 F.2d 289, 290 (D.C. Cir. 1945).

In *Jones*, the Court of Appeals for the District of Columbia upheld the trial court's imposition of a fine upon finding the defendant in criminal contempt. *Id.* Specifically, the *Jones* court held that, "in persisting to address the court in relation to a matter about which the court had already ruled, after being repeatedly warned, [the defendant] was guilty of conduct subversive to due and orderly procedure in

the courtroom, and tending to obstruct the administration of justice, and such an offender ought to be, and properly, was disciplined." *Id*. (citing *Ex parte Terry*, 128 U.S. 289, 313 (1988)).

At the November 30, 2021 status conference, Defendant's misbehavior in the Court's presence caused obstruction to the administration of justice. This case is nearly two years old and still in the discovery phase. Defendant's refusal to respond to the Court's procedural questions and his insistence on raising the meritless jurisdictional challenge notwithstanding several warnings shows Defendant's intent on disrupting these proceedings.

Defendant's final warning alerted him to the possibility of being found in contempt if he continued to disobey the Court's instruction, yet he proceeded to argue the Court has no authority over him because he is a Moorish-American citizen. Because Defendant refused to heed the Court's warning, the Court was unable to address all the outstanding discovery issues in this matter and another status conference was set for January 12, 2022, more than two years after Defendant was originally indicted in this matter. *See In re Dellinger*, 461 F.2d at 399 (failure to heed instructions of the judge to cease arguing, sit down, and remain quiet may constitute actual obstruction of justice, and while certain amount of leeway must be permitted, if directive is clear, and if the party understands what is asked of him, he must obey); *see also United States v. Dowdy*, 960 F.2d 78, 80

10

(8th Cir. 1992) (affirming summary contempt and monetary fines imposed against defense counsel on three separate occasions pursuant to § 401(1) and Rule 42, where the attorney continually argued beyond sustained objections, conducted extensive irrelevant cross-examinations, and danced in front of the jury, thus the district court properly found intentional obstruction of the administration of justice).

## IV. CONCLUSION

Accordingly, for the reasons articulated above, the Court finds Defendant in criminal contempt for his "misbehavior in the Court's presence that obstruct[ed] the administration of justice at the November 30, 2021 status conference. 18 U.S.C. § 401(1); *see also United States v. Koubriti*, 305 F. Supp. 2d 723, 740 (E.D. Mich. 2003).

The Defendant is REMANDED to the custody of the Attorney General's designated representative for confinement for a period of 15 days in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

IT IS SO ORDERED.

Dated: November 30, 2021

s/Gershwin A. Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 30, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager